# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARGUIS ASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | _____ |
| NAVY FEDERAL CREDIT UNION, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Marguis Ash, by counsel, hereby files his Complaint against Navy Federal Credit Union ("Defendant") as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, attorney's fees and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Plaintiff is an individual, a resident of the State of Georgia, and a "consumer" under 15 U.S.C. § 1681a(c). Defendant is a "furnisher" of information under the FCRA.

3. Plaintiff is the victim of identity theft. A fraudster opened an account with Defendant beginning with account number 5000*** and with an open date of 09/16/2020 and original credit limit of $7,300 under Plaintiff's name and without

his knowledge or consent and apparently incurred charges that the fraudster did not pay (the "Account").

4. Defendant is a credit union and transacts business in Georgia. Defendant is subject to the jurisdiction of this Court and may be served with process by serving it at 820 Folin Lane SE, Vienna, VA 22180.

5. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically the FCRA, 15 U.S.C. § 1681, et seq.

6. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1B(1) and (3).

## FACTUAL ALLEGATIONS

7. Plaintiff lives and works in this District. He holds a Ph.D. in psychology from Georgia State University. He owns and operates a restaurant in the Atlanta area.

8. Plaintiff did not apply for and/or open the Account. The Account was the result of fraud and is inaccurate.

9. Plaintiff did not authorize any other person(s) to open the Account in his name.

10. Within the two years preceding the filing of this Complaint, Defendant reported the inaccurate Account to one or more of the national credit bureaus,

Equifax, TransUnion LLC ("TransUnion"), and Experian (collectively "CRAs"), to be included in Plaintiff's credit files maintained by the CRAs.

12. When Plaintiff learned that the fraudulent Account was being reported to the CRAs by Defendant, he obtained an FTC Fraud Affidavit setting forth that he was the victim of identity theft and did not open the Account.

13. On one or more occasions, Plaintiff disputed Defendant's reporting of the Account with the CRAs and, in some instances, provided an FTC Fraud Affidavit ("CRA Disputes"). Plaintiff also made direct disputes with Defendant about the Account and advised Defendant that he did not open the Account.

14. Upon information and belief, Defendant received Plaintiff's CRA Disputes containing the FTC Fraud Affidavit.

15. Unfortunately, Defendant did not delete the fraudulent and inaccurate Account from all of Plaintiff's credit reports following its receipt of his CRA Disputes.

16. Instead, Defendant verified to one of more of the CRAs that the fraudulent and inaccurate Account was accurate and should continue to report on Plaintiff's credit reports.

17. Defendant failed to conduct reasonable investigations of Plaintiff's CRA Disputes.

18. At one point prior to November 2024, Trans Union, a consumer reporting agency, deleted the Account from Plaintiff's Trans Union credit file. Defendant thereafter, in November 2024, verified to Trans Union that the Account belonged to Plaintiff and directed Trans Union to place the Account back on Plaintiff's credit file.

19. As a proximate result of Defendant's violations of the FCRA, Plaintiff has suffered actual damages, including but not limited to: (i) embarrassment when Defendant told the credit reporting agencies that he owed the debt reflected in the Navy Federal Account when he did not; (ii) harm to his credit reputation, credit score, and credit history when Defendant told the credit bureaus that he owed the Navy Federal Account when he did not; (iii) emotional distress from feeling that Defendant would never remove the inaccurate Navy Federal Account from his credit files; (iv) emotional distress from having inaccurate credit reports due to the inclusion of the Navy Federal Account on such reports; (v) his time effort to make not only a single dispute to the CRAs about the Navy Federal Account but multiple disputes; (vi) his time and effort to review credit reports and prepare disputes specific to the inaccurate Navy Federal Account; (vii) sleeplessness due to the worry and restlessness thinking about the inaccurate Navy Federal Account including when it was added back to his Trans Union credit file at Defendant's request; and (viii) other damages to be proven at trial.

## Count 1 – Violation of 15 U.S.C. § 1681s-2(b) of the FCRA

20. At all times relevant hereto, Defendant was a "person" as that term is defined by 15 U.S.C. 1681a(b).

21. At all times relevant hereto, Defendant was a "furnisher" as that term is used in 15 U.S.C. 1681s-2(b).

22. Defendant violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b) as set forth above in Paragraphs 13 through 17 above. Defendant did not reasonably reinvestigate CRA disputes including Trans Union's fraud block notification whereby Defendant instructed Trans Union to place the inaccurate Account back on Plaintiff's Trans Union credit file. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 19 above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, as permitted by law.

WHEREFORE, Plaintiff respectfully prays that the Court:

1. Issue process to Defendant;

2. Conduct a trial by jury of all claims asserted herein;

3.  Enter judgment in favor of Plaintiff as consistent with the jury's verdict; and,

4. Grant Plaintiff such other and further relief as it deems just and necessary.

This 21st day of January, 2025.

*/s/ John A. Love*
John A. Love
Ga. Bar No. 459155

**Love Consumer Law**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Tel: 404.855.3600
Fax: 404.301.2300
tlove@loveconsumerlaw.com

Counsel for Plaintiff